UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-60208-CIV-COHN/SELTZER

INANTOANETA ANTIATOVA,

    Plaintiff,

v.

COUNTY CLERK BROWARD COUNTY,

    Defendant.

_____/

## ORDER DISMISSING COMPLAINT

**THIS CAUSE** is before the Court upon Plaintiff Inantoaneta Antiatova's *pro se* Complaint and attached exhibits [DE 1] ("Complaint"). The Court has considered the Complaint and is otherwise advised in the premises. Because Plaintiff has not paid a filing fee, the Court conducts a screening pursuant to 28 U.S.C. § 1915(e)(2)(B).

### I. BACKGROUND

On February 6, 2012, Plaintiff brought this action "as legal representative of New York Sport Foundation." See Compl. at 2. In the Complaint, Plaintiff alleges that New York Sport Foundation is the only legal owner of the condominium property located at Tuscan View Condominium, 2307 Washington Street, Unit 1, Hollywood, Florida 33020, which it acquired at an online auction. Id. at 5, 11. The online auction took place pursuant to the Summary Final Judgment of Foreclosure issued by Judge Robert A. Rosenberg in the Circuit Court of the 17th Judicial Circuit, in and for Broward County, Florida. See id. at 11-17. Plaintiff also states that Judge Rosenberg held a hearing after the auction at which he confirmed the Writ of Possession of New York Sport Foundation. Id. at 5. Nonetheless, Plaintiff complains, "people with bad intentions are

trying to dispute the ownership of the property." Id. at 5.

Therefore, Plaintiff seeks a "professional opinion of a Federal Judge about the legal status of the documents issued by the Circuit Court, Broward County on regard of the property." Id. at 1-2. Plaintiff states, "I complaint [sic] about their/Circuit Court, Broward, unwillingness to follow their own decision and to issue me a clear response what kind of documents of possession I have." Id. at 2.

## II. LEGAL STANDARD

A complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2). Section 1915 reads in pertinent part:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that– . . .
>
> (B) the action or appeal--
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).[1] Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6).").

At this stage of litigation, the allegations of a complaint are taken as true and are construed in the light most favorable to the plaintiff. Davis v. Monroe Cnty. Bd. of

---

[1] "Section 1915(e) applies to all [*in forma pauperis*] litigants [including] prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories." Mitchell v. Farcass, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997).

2

Educ., 120 F.3d 1390, 1393 (11th Cir. 1997).  *Pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). Notwithstanding, "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007) (quotations omitted).  Also, "Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." Hertz Corp. v. Friend, 130 S. Ct. 1181, 1193 (2010).

### III. ANALYSIS

Upon review of the Complaint, the Court finds that dismissal is warranted because Plaintiff has not stated a claim upon which relief can be granted.  Reading Plaintiff's *pro se* Complaint liberally, she appears to request that this Court review and confirm a state court decision.  Plaintiff does not state a cause of action, nor does she present a live case or controversy.  If she is dissatisfied with a state court decision, the appropriate forum for review is the state appellate court, not this Federal Court.  If she desires clarification of a state court decision, the appropriate forum is the state court that issued the decision, not this Federal Court.

In addition to her failure to state a claim, Plaintiff has not met her burden to establish federal subject matter jurisdiction over this action.  Federal courts are courts of limited jurisdiction.  See 13 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3522 (2d ed. 1984 & Supp. 2008).  Federal

subject matter jurisdiction exists only when a controversy involves a question of federal law or diversity of citizenship between the parties.  See 28 U.S.C. §§ 1331-1332.  The party seeking to litigate in federal court bears the burden of establishing jurisdiction.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  Plaintiff has not met this burden.

      The Complaint contains no jurisdictional statement, and Plaintiff has provided no other basis for either federal question[2] or diversity jurisdiction.  Though, on her Civil Cover Sheet [DE 1-1], Plaintiff has checked the box for "Diversity" as the "Basis of Jurisdiction," Plaintiff has not established diversity jurisdiction here.  Diversity jurisdiction only exists when the suit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332; see also Palmer v. Hosp. Auth., 22 F.3d 1559, 1564 (11th Cir. 1994); Gafford v. Gen. Elec. Co., 997 F.2d 150, 158 (6th Cir. 1993).  The Civil Cover Sheet suggests that both Plaintiff and the named Defendant reside in Florida.  See Civil Cover Sheet (listing Florida address for Plaintiff and "County Clerk Broward County" for Defendant).  The Complaint contains no other indication that Plaintiff and Defendant might not be citizens of the same state.  Therefore, because Plaintiff has not established diversity jurisdiction or federal question jurisdiction, there is no federal subject matter jurisdiction over this case, and Plaintiff's claim cannot proceed.

---

[2] To the extent that Plaintiff seeks declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201, this Act "does not, of itself, confer jurisdiction upon the federal courts; a suit brought under the Act must state some independent source of jurisdiction, such as the existence of diversity or the presentation of a federal question." Borden v. Katzman, 881 F.2d 1035, 1037 (11th Cir. 1989).

Additionally, to the extent that Plaintiff seeks review of the state court's decision, the Rooker-Feldman doctrine deprives this Court of subject matter jurisdiction.  See D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482 n.16 (1983) ("lower federal courts possess no power whatsoever to sit in direct review of state court decisions."); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923); Nicholson v. Shafe, 558 F.3d 1266, 1274 (11th Cir. 2009); see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (the Rooker-Feldman doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.").

Finally, *res judicata* bars Plaintiff from relitigating any claims that were or could have been litigated in the related state court action.  Shurick v. The Boeing Co., 623 F.3d 1114, 1116 (11th Cir. 2010) ("*res judicata*[] bars the parties to an action from relitigating matters that were or could have been litigated in an earlier suit."); see also Montana v. United States, 440 U.S. 147, 153-54 (1979) ("To preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions.").  Therefore, Plaintiff's claim is not properly before this Court.

## IV.  CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that the Complaint [DE 1] is **DISMISSED with prejudice**.  All other pending motions are **DENIED as moot**, and the Clerk of Court is directed to **CLOSE** this case**.**

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 8th day of February, 2012.

*JAMES I. COHN*
United States District Judge

Copies provided to:
Inantoaneta Antiatova, *pro se*
2307 Washington Street, Unit 1
Hollywood, FL 33020